IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH AMES,

   Plaintiff,

v.

STATE OF MARYLAND, et al.,

   Defendants.

Civil Action No.:  ELH-22-0808

**MEMORANDUM**

In this civil rights suit (ECF 1), Joseph Ames, the self-represented plaintiff, alleges that he was the victim of a stabbing while incarcerated.  In the Complaint, Ames names as defendants the State of Maryland; Robert L. Green, Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"); Christopher Smith, Warden, Maryland Correctional Institution – Jessup ("MCI-J"); Oluwole Olowe, Lieutenant, MCI-J; Derck Amadi, Correctional Officer II, MCI-J; Samuel Olawatayo, Correctional Officer II, MCI-J; and "ALL officer of Maryland Correctional Institution of Jessup." ECF 1 at 1.  In the caption of the supplement to the Complaint, plaintiff adds DPSCS as a defendant, and removes both the State of Maryland and "ALL officer of Maryland Correctional Institution of Jessup" as defendants. ECF 5 at 1.

It is not clear if plaintiff intended to remove these two defendants from the case.  In any event, for reasons discussed below, plaintiff may not proceed against the State of Maryland, DPSCS, or "ALL officer of Maryland Correctional Institution of Jessup" as defendants.

Plaintiff has also moved for in forma pauperis status.  ECF 2.  I shall grant that motion.

The State of Maryland and DPSCS are not proper defendants.  Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune

from a suit for damages brought in federal court by its citizens or the citizens of another state, unless it consents, or an exception applies. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. (citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981)) (per curiam). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit of this kind in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, plaintiff's claims against the State of Maryland and the DPSCS, a State agency, are barred by the Eleventh Amendment.

In addition, plaintiff has not stated a claim against defendant Green. Plaintiff alleges only that defendant Green is "responsible for all actions of their subordinates." ECF 1 at 2. Other than being named in the caption of the Complaint and this brief reference, defendant Green is not mentioned anywhere in the factual allegations of the Complaint.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. Further, it is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Supervisory liability under § 1983 must be predicated on facts that, if proven, establish evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has not provided allegations that defendant Green was personally involved in the events that took place, nor has he alleged facts indicating supervisory liability. Accordingly, plaintiff's claims against defendant Green will be dismissed, without prejudice.

In regard to the defendants named "ALL officer of Maryland Correctional Institution of Jessup," plaintiff has not provided any allegations regarding these defendants. Therefore, they will also be dismissed from this action, without prejudice.

The verified inmate account statement (ECF 6), filed by the finance officer at Roxbury Correctional Institution ("RCI") pursuant to this court's Order (ECF 3), reflects a six-month average account balance of $34.21 and average monthly deposits of $12.42. Plaintiff shall be required to pay the sum of $6.84 (20% of $34.21) as the initial partial filing fee.

An Order follows.


Date: June 16, 2022                                                  /s/
                                                            Ellen L. Hollander
                                                            United States District Judge